ANTHONY STEELE

*v.*

THE COUNTY OF RANDOLPH.

CONSTRUCTION OF THE ACT OF 1869—*providing for the opening of a State road in the counties of Jackson, Perry and Randolph.* By the act of March 30th, 1869, (Laws of 1869, page 390,) three commissioners were appointed to locate, survey and open a State road which would be partly in each of the three counties of Jackson, Perry and Randolph. Section 6 of the act provides that $4 per day to the commissioners and all expenses for locating, surveying and opening the road, "shall be paid out of the county treasuries of the counties of Jackson, Perry and Randolph, in proportion, as near as may be, to the extent of said road situated in each of said counties:" *Held*, in an action of assumpsit by one of the commissioners against Randolph county to recover for six days services performed as such commissioner upon that portion of the road located in such county, that the plaintiff, by proof that his services were performed on such portion of the road, did not establish a right to recover, as payment by such

county for expenditures made upon the road in proportion as near as might be to the extent of the road situated in that county, as required by the sixth section of the act, might impose a quite different measure of liability from that of paying for all the work upon the portion of the road lying in that county.

APPEAL from the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. J. A. WATTS, for the appellant.

Mr. AMOS WATTS, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The appellant and two others were appointed commissioners by an act approved March 30, 1869 (laws of 1869, page 390), to locate, survey and open a State road which would be partly in each of the three counties of Jackson, Perry and Randolph.

Section 6 of the act provides that $4 per day to the commissioners, and all expenses for locating, surveying and opening the road, "shall be paid out of the county treasuries of the counties of Jackson, Perry and Randolph, in proportion, as near as may be, to the extent of said road situated in each of said counties."

This was an action of assumpsit, brought by the appellant to recover for six days services performed as such commissioner upon that portion of the road located in Randolph county.

The only question which arises is on the construction of said sixth section.

Appellant claims that Randolph county is liable for all the labor done upon the road within that county, and contented himself with making proof that his services were performed upon that portion of the road located in that county. The reading of the sixth section of the statute is very plain, that Randolph county was required to pay for expenditures made upon the road only in proportion, as near as might be, to the

extent of the road situated in that county. This might impose a quite different measure of liability from that of paying for all the work upon the portion of the road lying in that county. No proof whatever was made as to what would be the proportional part of the expenses for Randolph county to pay, according to the extent of the road situated in that county.

The plaintiff did not show a right to recover. The third instruction asked by him was properly refused.

The judgment is affirmed.

*Judgment affirmed.*